MICHAEL FAILLACE ESQ.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
ORLANDO OLAYA DIAZ, *individually and on behalf of others similarly situated,*

                *Plaintiff,*

     -against-

KER GEOTECH INC., GABRIEL CIRCIU,
and MIKE STOICA,

               *Defendants.*
---------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

     Plaintiff Orlando Olaya Diaz ("Plaintiff Olaya" or "Mr. Olaya"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace Esq., upon his knowledge and belief, and as against Ker Geotech Inc., ("Defendant Corporation"), Gabriel Circiu and Mike Stoica, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

**<u>NATURE OF ACTION</u>**

     1.     Plaintiff Olaya is a former employee of Defendants Ker Geotech inc., Gabriel Circiu, and Mike Stoica.

     2.     Defendants own, operate, or control a construction company, located at 51 N Dunton Avenue, Medford, New York 11763, under the name "Ker Geotech Inc.".

     3.     Upon information and belief, individual Defendants Gabriel Circiu and Mike Stoica, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the construction corporation as a joint or unified enterprise.

4. Plaintiff Olaya was employed as a construction worker at projects in Manhattan, Queens, Bronx and Brooklyn. However, most projects he worked in were located in Manhattan.

5. At all times relevant to this Complaint, Plaintiff Olaya worked for Defendants in excess of 40 hours per week, without appropriate minimum wage or overtime compensation for any of the hours that he worked each week.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Olaya appropriately for any hours worked in a week.

7. In addition, Defendants repeatedly failed to pay Plaintiff Olaya wages on a timely basis.

8. Defendants' conduct extended beyond Plaintiff Olaya to all other similarly situated employees.

9. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Olaya and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10. Plaintiff Olaya now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

11. Plaintiff Olaya seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Olaya's state law claims under 28 U.S.C. § 1367(a).

13. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a construction company located in this district. Further, Plaintiff Olaya was employed by Defendants in this district.

**PARTIES**

*Plaintiff*

14. Plaintiff Orlando Olaya Diaz ("Plaintiff Olaya " or "Mr. Olaya ") is an adult individual residing in Queens County, New York. Plaintiff Olaya was employed by Defendants at "Ker Geotech Inc." from approximately November 2019 until on or about July 7, 2024.

15. Plaintiff Olaya consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16. At all relevant times, Defendants own, operate, or control a construction company, located at 51 N Dunton Avenue, Medford, New York 11763 under the name "Ker Geotech Inc.".

17. Upon information and belief, Ker Geotech inc. (d/b/a Ker Geotech Inc.) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 51 N Dunton Avenue, Medford, New York 11763.

18. Defendant Gabriel Circiu is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Gabriel Circiu is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Gabriel Circiu possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Olaya , establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

19. Defendant Mike Stoica is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Mike Stoica is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Mike Stoica possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Olaya , establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

20. Defendants operate a construction company whose main office is located in Suffolk county, New York, but performed its construction work in New York city.

21. Individual Defendants, Gabriel Circiu and Mike Stoica, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

22. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

23. Each Defendant possessed substantial control over Plaintiff Olaya's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Olaya, and all similarly situated individuals, referred to herein.

24. Defendants jointly employed Plaintiff Olaya (and all similarly situated employees) and are Plaintiff Olaya's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

25. In the alternative, Defendants constitute a single employer of Plaintiff Olaya and/or similarly situated individuals.

26. Upon information and belief, Individual Defendants Gabriel Circiu and Mike Stoica operate Defendant Corporation as either an alter ego of themselves and/or failed to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

   a) Failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

   b) Defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c) Transferring assets and debts freely as between all Defendants,

   d) Operating Defendant Corporation for their own benefit as the sole or majority shareholders,

   e) Operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

   f) Intermingling assets and debts of their own with Defendant Corporation,

g) Diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

27. At all relevant times, Defendants were Plaintiff Olaya's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Olaya, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Olaya's services.

28. In each year from 2019 to 2024, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the construction corporation on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

30. Plaintiff Olaya is a former employee of Defendants who was employed as a construction worker.

31. Plaintiff Olaya seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Orlando Olaya Diaz*

32. Plaintiff Olaya was employed by Defendants from approximately November 2019 until on or about July 7, 2024.

33. Defendants employed Plaintiff Olaya as a construction worker.

34. Plaintiff Olaya regularly handled goods in interstate commerce, such as construction materials and other supplies produced outside the State of New York.

35. Plaintiff Olaya's work duties required neither discretion nor independent judgment.

36. Throughout his employment with Defendants, Plaintiff Olaya regularly worked in excess of 40 hours per week.

37. From approximately November 2019 until on or about March 2020 and from approximately August 2020 until on or about July7, 2024, Plaintiff Olaya worked from approximately 7:00 a.m. until on or about 5:30 p.m. five days a week two weeks per month (typically 53.75 hours per week).

38. From approximately November 2019 until on or about March 2020 and from approximately August 2020 until on or about July7, 2024, Plaintiff Olaya worked from approximately 7:00 a.m. until on or about 5:30 p.m. six days a week two weeks per month (typically 66.5 hours per week).

39. From approximately March 2020 until on or about July 2020, Plaintiff Olaya worked from approximately 7:00 a.m. until on or about 5:30 p.m. three days a week (typically 32.25 hours per week).

40. Throughout his employment, Defendants paid Plaintiff Olaya his wages by personal check.

41. From approximately November 2019 until on or about February 2020, Defendants paid Plaintiff Olaya $18.00 per hour for all his hours.

42. From approximately March 2020 until on or about July 2024, Defendants paid Plaintiff Olaya $25.00 per hour for all his hours.

43. Defendants paid Plaintiff Olaya his wages every four weeks and in many occasions defendants required Plaintiff Olaya to wait an additional week to receive his pay.

44. For approximately three weeks in 2024, Defendants did not pay Plaintiff Olaya any wages for his work.

45. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Olaya regarding overtime and wages under the FLSA and NYLL.

46. Defendants did not provide Plaintiff Olaya an accurate statement of wages, as required by NYLL 195(3).

47. Defendants did not give any notice to Plaintiff Olaya, in English and in Spanish (Plaintiff Olaya's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

48. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Olaya (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage or overtime compensation as required by federal and state laws.

49. Plaintiff Olaya was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

50. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

51. Defendants paid Plaintiff Olaya his wages by personal checks.

52. Defendants failed to pay Plaintiff Olaya's wages on a timely basis; specifically, Defendants only paid Plaintiff Olaya every 4 weeks and in many occasions every 5 weeks.

53. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

54. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Olaya (and similarly situated individuals) worked, and to avoid paying Plaintiff Olaya properly for his full hours worked.

55. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

56. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Olaya and other similarly situated former workers.

57. Defendants failed to provide Plaintiff Olaya and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

58. Defendants failed to provide Plaintiff Olaya and other employees, at the time of hiring and on or before February 1st of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

59. Plaintiff Olaya brings his FLSA minimum wage, overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or

were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

60. At all relevant times, Plaintiff Olaya and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records under the FLSA.

61. The claims of Plaintiff Olaya stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

62. Plaintiff Olaya repeats and realleges all paragraphs above as though fully set forth herein.

63. At all times relevant to this action, Defendants were Plaintiff Olaya's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

64. Defendants had the power to hire and fire Plaintiff Olaya (and the FLSA class members), control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for employment.

65. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

66. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

67. Defendants failed to pay Plaintiff Olaya (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

68. Defendants' failure to pay Plaintiff Olaya (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

69. Plaintiff Olaya (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

70. Plaintiff Olaya repeats and realleges all paragraphs above as though fully set forth herein.

71. At all times relevant to this action, Defendants were Plaintiff Olaya's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Olaya (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

72. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

73. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

74. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Olaya (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

75. Defendants' failure to pay Plaintiff Olaya (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

76. Plaintiff Olaya (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

77. Plaintiff Olaya repeats and realleges all paragraphs above as though fully set forth herein.

78. At all times relevant to this action, Defendants were Plaintiff Olaya's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Olaya (and the FLSA Class members), control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

79. Defendants, in violation of the NYLL, paid Plaintiff Olaya (and the FLSA Class members) less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

80. Defendants' failure to pay Plaintiff Olaya (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

81. Plaintiff Olaya (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS
### OF THE NEW YORK STATE LABOR LAW

82. Plaintiff Olaya repeats and realleges all paragraphs above as though fully set forth herein.

83. At all times relevant to this action, Defendants were Plaintiff Olaya's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Olaya, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

84. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Olaya overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

85. Defendants' failure to pay Plaintiff Olaya overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

86. Plaintiff Olaya was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

87. Plaintiff Olaya repeats and realleges all paragraphs above as though fully set forth herein.

88. Defendants failed to provide Plaintiff Olaya with a written notice, in English and in Spanish (Plaintiff Olaya's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

89. Defendants are liable to Plaintiff Olaya in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

90. Plaintiff Olaya repeats and realleges all paragraphs above as though fully set forth herein.

91. With each payment of wages, Defendants failed to provide Plaintiff Olaya with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

92. Defendants are liable to Plaintiff Olaya in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

93. Plaintiff Olaya repeats and realleges all paragraphs above as though set forth fully herein.
94. Defendants did not pay Plaintiff Olaya on a regular weekly basis, in violation of NYLL §191.
95. Defendants are liable to Plaintiff Olaya in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Olaya respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Sandoval and the FLSA class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Olaya and the FLSA Class members;

(d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Olaya's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Olaya and the FLSA Class members;

(f) Awarding Plaintiff Olaya and the FLSA Class members damages for the amount of unpaid minimum and overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g) Awarding Plaintiff Olaya and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Sandoval and the members of the FLSA Class;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Olaya ;

(j)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Olaya's compensation, hours, wages and any deductions or credits taken against wages;

(k)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Olaya ;

(l)     Awarding Plaintiff Olaya damages for the amount of unpaid minimum and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(m)     Awarding Plaintiff Olaya damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)     Awarding Plaintiff Olaya liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)     Awarding Plaintiff Olaya and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)     Awarding Plaintiff Olaya and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r) All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff Olaya demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
February 20, 2025

MICHAEL FAILLACE ESQ.

By:     /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*