Revised April 21, 2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Orlando Olaya Diaz**, | |
| Plaintiff(s), | **CIVIL ACTION NO.: 25** Civ. **1450** (**DEH**) (VF) |
| -v- | **REPORT OF RULE 26(f) CONFERENCE AND PROPOSED CASE MANAGEMENT PLAN** |
| **Ker Geotech, Inc., et al** | |
| Defendant(s). | |

In accordance with Federal Rule of Civil Procedure 26(f) and Judge Figueredo's

Individual Practices, the parties met on May 28, 2025 and May 29, 2025 and exchanged

communications thereafter. The parties now submit the following report for the Court's

consideration:

1. <u>**Court Expectations**</u>:

    **Rule 1 and Rule 26(b)(1).** Counsel are expected to have reviewed Rule 1 and Rule 26(b)(1) and considered their obligations thereunder in discussing and preparing a discovery plan.

    **Additional consideration of proportionality.** Counsel shall discuss and consider whether phased or iterative discovery will increase efficiency, reduce costs and lead to a faster resolution of the case when preparing a discovery plan.

    **Document Requests.** Counsel shall be fully familiar with their obligations under Rules 34 and 26(g) and consider and discuss ways to ensure compliance and minimize disputes regarding overbreadth and specificity of requests and responses.

    **Competence**. Counsel shall be sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

**Counsel are directed to the Model Confidentiality Stipulation and Proposed Protective Order and Stipulation and [Proposed] Order Concerning the Protocol for Conducting Remote Depositions on Judge Figueredo's Individual Practices Page.**

**Counsel represent by their signature below that they have read and will comply with the above.**

2. <u>**Summary of Claims, Defenses, and Relevant Issues**</u>:

<u>Plaintiff(s):</u> **Plaintiff Olaya was employed as a construction worker by Ker Geotech Inc, Gabriel Circiu, and Mike Stoica. Plaintiff Olaya worked for Defendants in excess of 40 hours per week, without appropriate minimum wage or overtime compensation for any of the hours that he worked each week. Defendants failed to give written notice and maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Olaya appropriately for any hours worked in a week. Defendants also repeatedly failed to pay Plaintiff Olaya wages on a timely basis.** They also failed to provide accurate wage statements, making them liable for $5,000.00

**Plaintiff Olaya worked from approximately November 2019 until on or about July 7, 2024. From approximately November 2019 until on or about March 2020 and from approximately August 2020 until on or about July 7, 2024, Plaintiff Olaya worked from approximately 7:00 a.m. until on or about 5:30 p.m. five days a week two weeks per month (typically 53.75 hours per week). From approximately November 2019 until on or about March 2020 and from approximately August 2020 until on or about July7, 2024, Plaintiff Olaya worked from approximately 7:00 a.m. until on or about 5:30 p.m. six days a week two weeks per month (typically 66.5 hours per week). From approximately March 2020 until on or about July 2020, Plaintiff Olaya worked from approximately 7:00 a.m. until on or about 5:30 p.m. three days a week (typically 32.25 hours per week).**

**From approximately November 2019 until on or about February 2020, Defendants paid Plaintiff Olaya $18.00 per hour for all his hours. From approximately March 2020 until on or about July 2024, Defendants paid Plaintiff Olaya $25.00 per hour for all his hours. Defendants paid Plaintiff Olaya his wages every four weeks, and in many occasions Defendants required Plaintiff Olaya to wait an additional week to receive his pay. For approximately three weeks in 2024, Defendants did not pay Plaintiff Olaya any wages for his work.**

<u>Defendant(s):</u>
Defendants deny the allegations in their entirety.  All work was properly paid, and the hours recited are false.  Proper wage statements were issued and all wage records were properly maintained.  The individual defendants have not acted willfully and have no liability.  Defendant is also an imperfect vehicle for class action or representative action treatment.

**3.    <u>Basis of Subject Matter Jurisdiction (and any dispute as to jurisdiction)</u>:**

**Plaintiff Olaya was employed as a construction worker at projects in Manhattan, Queens, the Bronx, and Brooklyn. However, most projects he worked on were located in Manhattan.**

**4.    <u>Subjects on Which Discovery May Be Needed</u>:**

<u>Plaintiff(s):</u>  **timesheets and time records, payroll records**

<u>Defendant(s):</u>

Defendants will require the same items as the Plaintiff, and will inquire into proving whether all reported work was actually performed.  Discovery into any class allegations and appropriateness of the Plaintiff as class representative.

5.    **Informal Disclosures**:

Plaintiff[s] disclosed the information required by Rule 26(a)(1) of the Federal Rules of Civil

Procedure on **N/A**.  On **6/12**, Plaintiff[s] will produce an initial set of relevant documents

identified in [its/their] Initial Disclosures and will continue to supplement [its/their] production.

Defendant[s] disclosed the information required by Rule 26(a)(1) of the Federal Rules of

Civil Procedure on **N/A**. On **6/12**, Defendant[s] will produce an initial set of relevant documents

identified in [its/their] Initial Disclosures and will continue to supplement [its/their] production.

6.    **Discovery Plan:**

The parties are at an impasse with regards to the fact discovery deadline. Plaintiff proposes September 29, 2025, whereas Defendants propose October 29, 2025.

Within **one week** of the close of fact discovery, the parties must file a joint letter

on the docket certifying that fact is discovery is complete.

A.    The parties will conduct discovery in accordance with the Federal Rules of Civil

Procedure, the Local Rules of the Southern District of New York, and Judge Figueredo's Individual

Practices. The following interim deadlines may be extended by the parties on written consent

without application to the Court, **provided that** the parties meet the deadline for completing fact

discovery set forth in paragraph 6(A) above.

      i.    <u>Depositions</u>: Plaintiff proposes that Depositions shall be completed by September 29, whereas Defendants propose that Depositions shall be completed by October 29. The parties agree that depositions shall be limited to no more than **5** depositions per party. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial

party depositions.

ii. <u>Interrogatories</u>: Initial sets of interrogatories shall be served on or before **June 27**. All subsequent interrogatories must be served no later than 30 days before the fact discovery deadline.

iii. <u>Requests for Admission</u>: Requests for admission must be served on or before **July 29**, and in any event no later than 30 days before the fact discovery deadline.

iv. <u>Requests for Production</u>: Initial requests for production were/will be exchanged on **June 27,** and responses shall be due on **July 27**. All subsequent requests for production must be served no later than 30 days before the discovery deadline.

v. <u>Supplementation</u>: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information, and in any event, no later than the fact discovery deadline.

**7.** **Anticipated Discovery Disputes:**

Describe any anticipated discovery disputes or proposed limitations on discovery.

**None**

**8.** **Amendments to Pleadings:**

a. Does any party anticipate amending the pleadings? **No**.

b. Last date to amend any pleading pursuant to Fed. R. Civ. P. 15(a) is **July 15**. Amendment of pleadings after this date will only be permitted upon a showing of "good cause" under Fed. R. Civ. P. 16(b)(4).

**9.** **Expert Witness Disclosures:**

a. Does any party anticipate utilizing experts? Plaintiff does not, but Defendants' position is that **Defendants have not yet determined if experts will be necessary**.

b. Expert discovery shall be completed by: Plaintiff's position is that there will be no need for expert discovery. Defendants propose **February 28, 2026**.

Within **one week** of the close of expert discovery, that is, **March  5, 2026 as per Defendants' proposal**, the parties must file a joint

letter on the docket certifying that all discovery is complete. This letter should also state

which dispositive motions, if any, each party intends to file.

10. **Electronic Discovery and Preservation of Documents and Information:**

    a.    Have the parties discussed discovery of electronically stored information (ESI)?

    **Yes**

    b.    Is there an ESI discovery protocol in place? If not, the parties expect to have one in place by **N/A**.

    c.    Are there issues the parties would like to address concerning preservation of evidence and/or ESI discovery at the Initial Case Management Conference? **No**

11. **Early Settlement or Resolution:**

The parties have not discussed the possibility of settlement.   Court ordered

mediation has been scheduled and the parties have an initial meeting

with the mediator on June 5.   The parties request a settlement conference by no later

than **October 6**. The following information

is needed before settlement can be discussed:

12. **Trial:**

    a.    The parties anticipate that this case will be ready for trial by November 15, 2025.

    b.    The parties anticipate that the trial of this case will require **3** days.

    c.    The parties do consent to a trial before a Magistrate Judge at this time.

    d.    The parties request a **jury** trial.

13. **Other Matters:**

**The parties have been referred to the SDNY Mediation Plan**


Respectfully submitted this **29** day of **May**.


ATTORNEYS FOR PLAINTIFF(S):                    ATTORNEYS FOR DEFENDANT(S):


      /s/Robert Jun                                s/ Avram E. Frisch
_____                          _____



Dated:        New York, New York
              _____, 20_

                                         SO ORDERED.


                                         _____
                                         **VALERIE FIGUEREDO**
                                         **United States Magistrate Judge**